UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL THREADGILL, <br><br> Petitioner, <br><br> v. <br><br> DONALD HOLBROOK, <br><br> Respondent. | Case No. C20-0695-JLR-MAT <br><br> REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Daniel Threadgill seeks to challenge in this action his 2012 King County Superior Court judgment and sentence. (*See* Dkt. 3.) Respondent filed an answer to the petition together with relevant portions of the state court record. (Dkts. 9, 10.) Respondent argues in his answer that petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* Dkt. 9.) Petitioner filed a response to respondent's answer, and respondent filed a reply to petitioner's response. (Dkts. 13, 15.) This Court, having reviewed petitioner's petition, all briefing of the parties, and the state court record, concludes that this federal habeas action should be dismissed as untimely under § 2244(d).

/ / /

REPORT AND RECOMMENDATION
PAGE - 1

## BACKGROUND

On February 6, 2012, petitioner was found guilty, following a jury trial, on a charge of first-degree murder while armed with a deadly weapon. (*See* Dkt. 10, Ex. 1 at 1-2.) The jury also made a finding of deliberate cruelty and, on March 28, 2012, the trial court imposed an exceptional sentence of 480 months confinement. (*Id.*, Ex. 1 at 2, 4.) Petitioner appealed his judgment and sentence to the Washington Court of Appeals, and the Court of Appeals issued an unpublished opinion affirming the judgment and sentence on July 11, 2016. (*See id.*, Exs. 2, 3, 4, 5.) Petitioner thereafter sought review by the Washington Supreme Court. (*Id.*, Ex. 6.) The Supreme Court denied review without comment on December 7, 2016. (*Id.*, Ex. 7.) The Court of Appeals issued a mandate terminating direct review on December 29, 2016. (*Id.*, Ex. 8.)

On November 29, 2017, petitioner mailed a personal restraint petition to the Washington Court of Appeals, and the Court of Appeals filed the petition on December 4, 2017. (*Id.*, Ex. 9.) The Acting Chief Judge of the Court of Appeals issued an order dismissing the petition on July 30, 2018. (*Id.*, Ex. 12.) Petitioner thereafter sought review by the Washington Supreme Court, and the Supreme Court Commissioner issued a ruling denying review on March 14, 2019. (*Id.*, Exs. 13, 14.) Petitioner moved to modify the Commissioner's ruling, and the Chief Justice of the Supreme Court denied the motion on July 10, 2019. (*Id.*, Exs. 15, 16.) The Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on August 9, 2019. (*Id.*, Ex. 17.)

Petitioner now seeks federal habeas review of his conviction. Petitioner signed his petition for writ of habeas corpus on May 6, 2020, and the Court received the petition for filing on the same date. (*See* Dkts. 1, 3.)

/ / /

# DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). In this case, the period for direct review ended, at the latest, upon the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The Washington Supreme Court denied petitioner's petition for review on direct appeal on December 7, 2016. (Dkt. 10, Ex. 7.) Petitioner had 90 days following the entry of that ruling (as opposed to the issuance of the state mandate), or until approximately March 7, 2017, to file a petition for writ of certiorari with the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. Because petitioner apparently did not file a petition for writ of certiorari, his conviction became final on or about March 7, 2017. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's one-year statute of limitations began to run the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed a timely personal restraint petition in the Washington Court of Appeals on November 29, 2017, which stopped the clock on the federal statute of limitations. At that time, 266 days had run on the statute of limitations. The Washington Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on August 9, 2019, thus concluding review in the state courts. The statute of limitations began to run again the following day, August 10, 2019, and expired 99 days later on November 17, 2019.

Petitioner signed his petition for writ of habeas corpus on May 6, 2020, over five months after the statute of limitations expired.

Petitioner argues in his response to respondent's answer that his petition was timely filed because the statute of limitation did not begin to run until the Washington Court of Appeals issued the certificate of finality in his personal restraint proceedings on August 9, 2019. (*See* Dkt. 13 at 4-5.) Petitioner maintains that this is the date on which the state courts "certified" his conviction became final, and he argues that any attempt to undermine this determination of the state courts would be contrary to the intent and purpose of § 2244(d). (*Id*. at 5.) Petitioner misconstrues the statute. Section 2244(d)(1) specifically sets forth the dates on which the federal statute of limitations begins to run depending on the circumstances of an individual case. Nothing in the statutory language suggests that the starting date is dependent upon a declaration of finality by the state courts.

Moreover, petitioner's argument, when viewed in light of the statutory language, is essentially that he should be afforded statutory tolling for the entirety of the period during which he was attempting to exhaust his state court remedies. (*See* Dkt. 13 at 4-5.) Section 2244(d)(2) makes clear that statutory tolling of the limitations period is only available for the period of time during which a properly filed application for state post-conviction relief is *pending* in the state courts. It is necessarily the case that a state post-conviction proceeding cannot be deemed pending until *after* an application initiating such a proceeding has been filed. The Ninth Circuit has, in fact, recognized that "[AEDPA's] statute of limitations is not tolled from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (internal quotation and citation omitted). In sum, petitioner fails to demonstrate that his petition should be deemed timely under the federal statute

REPORT AND RECOMMENDATION
PAGE - 4

of limitations, 28 U.S.C. § 2244(d).

Petitioner appears to argue that even if this Court determines his petition was filed outside the limitations period, he is nonetheless entitled to equitable tolling. (*See* Dkt. 13 at 6.) The statute of limitations governing federal habeas petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). However, the Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065.

In order to receive equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner must also establish that the extraordinary circumstance was, in fact, the reason the federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner claims that he relied upon the Washington Supreme Court's issuance of a certificate of finality in his personal restraint proceedings as confirmation of the start date for the AEDPA limitations period. (Dkt. 13 at 6.) He also suggests that, to the extent this reliance was misplaced, any error is attributable to the state courts which entitles him to equitable tolling. (*See id*.) The record suggests, however, that petitioner simply misunderstood the way in which the

REPORT AND RECOMMENDATION
PAGE - 5

AEDPA statute of limitations operates and such a misunderstanding does not entitle a federal habeas petitioner to equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling standard "has never been satisfied by a petitioner's confusion or ignorance of the law alone").

Petitioner also argues that this Court should consider the merits of his claims because he has made a substantial showing of actual innocence. (Dkt. 13 at 6-7.) The United States Supreme Court has held that there is an equitable exception to the AEDPA statute of limitations for a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned, however, that tenable actual innocence claims are rare. *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and rarely met). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner does not present in this action any new evidence of his innocence, he merely argues that his actual innocence is "easily demonstrable from the face of the record." (*See* Dkt. 13 at 6-7.) Petitioner's argument alone is insufficient to meet the very demanding *Schlup* standard. Absent *new* reliable evidence of his actual innocence, petitioner's attempt to avoid the time-bar

REPORT AND RECOMMENDATION
PAGE - 6

necessarily fails.

Because petitioner filed his petition outside the § 2254 statute of limitations period, and because petitioner has not demonstrated that he is entitled to equitable tolling or is exempt from the statute of limitations because of his "actual innocence," petitioner's petition is time-barred and must therefore be dismissed.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [his] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's petition for writ of habeas corpus and this action be dismissed, with prejudice, as untimely under 28 U.S.C. § 2244(d). This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

REPORT AND RECOMMENDATION
PAGE - 7

and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 26, 2021**.

DATED this 1st day of February, 2021.

_____
Mary Alice Theiler
United States Magistrate Judge